UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| LAWRENCE RUTHER, <br><br> Plaintiff, <br><br> v. <br><br> PLC MGMT LLC, <br><br> Defendant. | CASE NO. C15-0781JLR <br><br> ORDER OF DISMISSAL BASED ON LACK OF SUBJECT MATTER JURISDICTION |

Before the court is *pro se* Plaintiff Lawrence Ruther's complaint. (Compl. (Dkt. # 3).) In addition, on June 2, 2015, the court issued an order to show cause regarding the court's subject matter jurisdiction. (OSC (Dkt. # 4).) On June 15, 2015, Mr. Ruther timely filed his response to the court's order. (OSC Resp. (Dkt. # 5).) Because Mr. Ruther is proceeding *pro se*, the court liberally construes his pleadings and other filings. *Thomas v. Ponder*, 611 F.3d 1144, 1150 (9th Cir. 2010). The court now considers whether it has subject matter jurisdiction over this matter based on Mr. Ruther's complaint and his response to the court's order to show cause.

ORDER- 1

In the court's order to show cause, the court noted that Mr. Ruther had alleged neither his own citizenship nor the citizenship of Defendant PLC Mgmt, LLC ("PLC Mgmt"), despite his statement in the civil cover sheet that the court's jurisdiction rested on diversity of citizenship. (OSC at 2 (citing Civil Cover Sheet (Dkt. # 1-2)).) The court explained that to assess diversity of citizenship in a proceeding involving a limited liability company, the court must consider the citizenship of all members of the limited liability company. (*Id.*)

The court also explained that a complaint based on diversity jurisdiction must allege an amount in controversy greater than $75,000.00. (*Id.* at 2-3.) Nowhere in his complaint does Mr. Ruther actually allege that his damages exceed $75,000.00. (*See generally* Compl.) At best, Mr. Ruther's complaint contains truncated notations stating: "9 contract Ruther – PLC Mgmt LLC 1-17-14, PLC pay $30,000, 1-17-15 Fraud, $120000 [sic] Total due 11-17-15," and "9 contracts, $120,000." (Compl. at 1.) Even liberally construing Mr. Ruther's complaint, the meaning of these notations is too obscure for the court to conclude that Mr. Ruther has alleged that the jurisdictional amount is in controversy here. (*See generally id.*)

The court has now had an opportunity to review Mr. Ruther's response to its order to show cause in conjunction with Mr. Ruther's complaint. (*See* OSC Resp.) In response to the court's order, Mr. Ruther filed a document which consists of a single page with five numbered statements containing handwritten notations (stylistically similar to his complaint) and two attachments. (*See generally id.*) As discussed below, even viewing Mr. Ruther's response liberally as the court is required to do, Mr. Ruther has again failed

ORDER- 2

to allege sufficient facts or otherwise demonstrate that the court has subject matter jurisdiction over this action. (*See generally* OSC Resp.)

The first attachment to Mr. Ruther's response is entitled "Prepaid Forward Contract Statement." (OSC Resp. at 2.) The document appears to be from an entity called "Prometheus Law" and it is addressed to Mr. Ruther. (*Id.*) The court notes that Prometheus Law is not a party to this lawsuit, and the document contains no reference to PLC Mgmt.[1] (*See id.*; *see also* Compl.) The document contains a typed statement indicating that the total closing settlement amount is $50,000.00. (*Id.*) However, there are handwritten notations indicating that this amount may be "130,000." (*Id.*) Mr. Ruther provides no explanation as to the meaning of this document, but on its face the document contains no demand for payment of any amount and does not reference any party to this action other than Mr. Ruther. (*See id.*) Mr. Ruther provides no explanation as to how this document relates to the court's subject matter jurisdiction, and it is insufficient for the court to conclude that the jurisdictional amount in controversy is at issue here.

The second attachment is a letter from Mr. James Harris of Paglialunga & Harris, P.S., to Mr. James A. Caitpay of PLC Mgmt, dated February 20, 2014. (*See* OSC Resp. at 3-4.) This document contains no reference to Mr. Ruther. (*See id.*) Again, Mr. Ruther

---

[1] Based on a document attached to Mr. Ruther's complaint, there appears to be some connection between PLC Mgmt and Prometheus Law (*see* Compl. at 3), but there is no indication in any of Mr. Ruther's filings as to the specific nature of that relationship.

provides no explanation as to the significance of this document to his claims or how the document relates to his complaint or the court's subject matter jurisdiction.

The first page of Mr. Ruther's response contains five numbered statements consisting of handwritten notations. The first item states:

> 1. PLC Mgmt is Wash LLC 1-29-14
>    Court Subject Matter
>    1791 US 1, 7 Amend
>    1868 US 14 Amend

(OSC Resp. at 1.) To the extent that Mr. Ruther is alleging that PLC Mgmt is a Washington limited liability company, this is insufficient to establish subject matter jurisdiction. As the court explained in its order to show cause: "A court assessing diversity jurisdiction in a proceeding involving a limited liability company must consider the citizenship of all members of the limited liability company." (OSC at 2.) The fact that PLC Mgmt was organized in Washington under that state's laws does not resolve the issue of this court's subject matter jurisdiction. Mr. Ruther must allege the citizenship of each member of PLC Mgmt. Mr. Ruther does not explain the meaning of the remaining portions of item number "1," and the court can discern no connection between those statements and the court's subject matter jurisdiction.

The second numbered statement in Mr. Ruther's response states:

> 2. James Harris Citizen 1001 4 Ave
>    Ste 3200 Seattle WA  98154
>    All LLC members, Wash LLC Record

(OSC Resp. at 1.) Again, the bullet point's meaning is obscure even if liberally construed. Mr. Ruther may be trying to allege that Mr. Harris is a citizen of Washington

State. The court, however, cannot discern a connection between Mr. Harris's citizenship and the court's subject matter jurisdiction. Mr. Harris is not a party to the suit, and Mr. Ruther does not allege that he is a member of PLC Mgmt. (*See generally* Compl.; OSC Resp.) Indeed, based on the second exhibit to Mr. Ruther's response to the court's order to show cause, Mr. Harris appears to be a member of Paglialunga & Harris, P.S., which is a non-party. The meaning of the remaining statement in item number "2"—"All LLC members, Wash LLC Record"—is also obscure. (*See* OSC Resp. at 1.) Mr. Ruther may be attempting to allege that all members of PMC Mgmt are citizens of Washington State, but if so, even liberally construed, his response fails to do so here.

     Mr. Ruther's response to the court's order to show cause contains two items numbered "3." (*See* OSC Resp. at 1.) The first such item states: "$120,000, 9 contracts in PLC Mgmt Record Motion Court Subpoena 9 Contracts." (*Id.*) Again, the court is unable to discern Mr. Ruther's meaning. To the extent he is attempting to allege an amount in controversy, even liberally construed, this statement is insufficient for the court to conclude that the required jurisdictional amount is at issue in this lawsuit. The second item numbered "3" states: "Ruther Citizen Georgia, Use Land 533 Kenwood Rd Fayetvile [sic] GA 30214." Assuming that this statement is an attempt to allege his own citizenship in the state of Georgia, Mr. Ruther still has not established the court's subject matter jurisdiction. As noted above, he has failed to adequately allege the citizenship of the members of PLC Mgmt or that citizenship of all of those members is diverse from his citizenship. He has further failed to adequately allege that the jurisdictional amount is at issue here.

ORDER- 5

1      Bullet point number 4 states: "Title contracts PLC Mgmt LLC, Ruther 1-17-14 –
2 6-7-15." (OSC Resp. at 1.) The court can discern no meaning from item number "4"
3 even liberally construed. (*See id.*) The fifth item is longer than the others, but the only
4 meaning from this item that the court can glean is a demand for a jury trial. (*See id.*)
5 Neither item "4" nor item "5" assists Mr. Ruther in establishing the court's subject matter
6 jurisdiction.

7      Based on the foregoing, the court concludes that Mr. Ruther has failed to
8 adequately respond to its order to show cause concerning subject matter jurisdiction. Mr.
9 Ruther bears the burden of alleging facts that establish the court's subject matter
10 jurisdiction or otherwise demonstrating the court's subject matter jurisdiction. *Lujan v.*
11 *Defenders of Wildlife*, 504 U.S. 555, 560-61 (1992). Mr. Ruther has failed to do so here.
12 In accord with its independent obligation to determine whether it has subject matter
13 jurisdiction, *see* Fed. R. Civ. P. 12(h)(3), the court concludes that it lacks such
14 jurisdiction here. Accordingly, the court dismisses this action without prejudice.

15      Dated this 16th day of July, 2015.

                                                            JAMES L. ROBART
                                                            United States District Judge